UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

        v.

JESUS TRINIDAD-RIVERA,

                Defendant.

**DECISION AND ORDER**
11-CR-116S

---

**I.    INTRODUCTION**

Pending before the Court is a motion (Dkt. No. 68) by defendant Jesus Trinidad-Rivera for reconsideration of detention and release on reasonable bail conditions. Defendant has been in custody since the Court ordered him detained at the conclusion of his detention hearing on March 21, 2011. Defendant seeks reconsideration on the grounds that his proposed residence in Connecticut, his purported employment opportunity in Connecticut, and his assessment of the Government's discovery constitute new information warranting a reassessment of detention. The Government opposes release, arguing that defendant has no material information that has changed since his detention hearing last year. The United States Probation Office ("USPO") recommends continued detention.

The Court held oral argument on August 9, 17, and 30, 2012. For the reasons below, the Court denies defendant's motion.

## II. BACKGROUND

This case concerns allegations of a drug distribution conspiracy. The indictment, filed on March 31, 2011, contains one count plus a forfeiture allegation. In Count One, the Government charged defendant and others with conspiracy to possess with intent to distribute, and to distribute, one kilogram or more of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The pre-indictment complaint (Dkt. No. 1) indicates that defendant's alleged offense conduct includes an incident on March 17, 2011, when defendant was driving the vehicle on Interstate Highway 86. Law enforcement agents pulled the vehicle over for speeding and a seat belt violation; subsequent events involving defendant and his passengers led to the discovery of $60,000 in U.S. currency in the spare tire of the vehicle. The Court arraigned defendant on April 4, 2011. Prior to the indictment, when defendant was arrested on the criminal complaint, the Court held a detention hearing on March 21, 2011. At the conclusion of the detention hearing, the Court held orally that defendant would remain in custody because he presented a risk of danger to the community and a risk of flight.

The Court relied on defendant's pretrial services report, dated March 21, 2011 and updated March 23, 2011, when ordering detention. According to the pretrial services report, defendant lacked any ties to this District and lacked resources for bail. The pretrial services report noted that defendant had a

criminal assault case pending in Connecticut.  The pretrial services report also noted the large amount of cash that law enforcement agents found in defendant's vehicle.

On July 11, 2012, defendant filed the pending motion for reconsideration and for release on reasonable bail conditions.   In support of his motion, defendant argues that he has several pieces of new information that support revisiting his detention status.  Defendant claims that he can live either at his sister-in-law's house in Connecticut or with family in Youngstown, Ohio. Defendant submits that he has an employment opportunity at a tire store in Connecticut.  Additionally, defendant asserts that he has reviewed the discovery that the Government has provided and has not found any evidence against him with respect to drug transactions or other involvement in the alleged conspiracy.

The Government opposes defendant's release, contending that defendant has not offered any new facts that would warrant reconsideration.  The USPO has submitted a memorandum, dated July 23, 2012, noting that defendant's conviction on his Connecticut assault charge is the only changed circumstance since the detention order.  The USPO has expressed continued concern about the nature of the offense, including the large amount of cash found in defendant's vehicle on March 17, 2011.

## III. DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.'" U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's

dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Once the Court has issued a detention order in the manner set forth above, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. See *U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, defendant has not presented any information unknown to him previously that would warrant a change in his custody status. The Court previously found defendant to be a danger and a flight risk based on his criminal history, the nature of the pending charges, and the information available in the

pretrial services report. Those factors have not changed. Defendant has submitted his assessment of the strength of the case against him, based on his review of the pretrial discovery that he has received. "Nevertheless, while a movant may certainly (and usually will) become aware of new evidence as a result of discovery or investigation, and that evidence will almost certainly bear on at least the 'weight of the evidence' and 'nature of the charge' factors considered during a detention review, this Court believes that Congress intended new information to signify something other than a defendant's own evaluation of the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 239 (D.P.R. 2009) (citations omitted); *accord U.S. v. Beutler*, No. 09-CR-96S, 2011 WL 3321374, at *2 (W.D.N.Y. Aug. 2, 2011) (McCarthy, *M.J.*). As for proposed residences, defendant knew previously that he had family in Ohio and Connecticut. The Court also has concerns that the proposed Ohio residence might have a connection to the alleged offense conduct and that the proposed Connecticut residence appears to be part of an unstable family situation that lies a significant distance from this District. *Cf. U.S. v. Mansuryan*, No. 10-10060-03-EFM, 2010 WL 2545989, at *2–3 (D. Kan. June 22, 2010) ("Further militating against release is the fact that Defendant has failed to identify a suitable place for him to reside while out on release.").

In short, defendant has given the Court no new and material information that helps his effort to change his custody status. The Court is content to let its prior detention order stand.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for reconsideration (Dkt. No. 68). Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded reasonable opportunity for private consultation with counsel. Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order shall be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

_/s Hugh B. Scott_
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: September 12, 2012